**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **VERONIQUE TREMBLAY, et al.,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-02473** |
| | § | |
| **THE IRONMAN GROUP and WORLD** | § | |
| **TRIATHLON GROUP** | § | |

**ANSWER OF MEMORIAL HERMANN HEALTH SYSTEMS
TO GARNISHMENT ACTION**

Memorial Hermann Health Systems ("MHHS"), Garnishee herein, respectfully files and serves its Answer to the Rule B Garnishment Action Allegations contained within the Verified Complaint of Plaintiffs Libellant Veronique  Tremblay, Individually and as a representative of the Estate of Jean-Francois Alain, and as Next Friend of E.A., a minor and wrongful death beneficiary; Louis-Phillippe Alain and Jean Alain alleged wrongful death beneficiaries of Jean-Francois Alain (collectively "Plaintiffs").  In support, MHHS would show the following:

**SPECIFIC ANSWERS TO ALLEGATIONS**

1.      MHHS does not possess sufficient information to admit the allegations in paragraph 1.1 of the Complaint and therefore denies them.

2.      MHHS does not possess sufficient information to admit the allegations in paragraph 1.2 of the Complaint and therefore denies them.

3.      MHHS does not possess sufficient information to admit the allegations in paragraph 1.3 of the Complaint and therefore denies them.

4.      MHHS does not possess sufficient information to admit the allegations in paragraph 1.4 of the Complaint and therefore denies them.

5.    MHHS does not possess sufficient information to admit the allegations in paragraph 1.5 of the Complaint and therefore denies them.

6.    MHHS does not possess sufficient information to admit the allegations in paragraph 1.6 of the Complaint and therefore denies them.

7.    MHHS does not possess sufficient information to admit the allegations in paragraph 1.7 of the Complaint and therefore denies them.

8.    MHHS does not possess sufficient information to admit the allegations in paragraph 2.1 of the Complaint as to any party or person other than MHHS and therefore denies them. Otherwise, MHHS admits only that jurisdiction in the Court would be proper as to MHHS if the allegations regarding this Court's alleged jurisdiction and the citizenship of the named parties to this action are accurate.

9.    MHHS does not possess sufficient information to admit the allegations in paragraph 2.2 of the Complaint as to any party or person other than MHHS and therefore denies them.

10.    MHHS does not possess sufficient information to admit the allegations in paragraph 3.1 of the Complaint as to any party or person other than MHHS and therefore denies them. Otherwise, MHHS admits only that venue in the Court would be proper as to MHHS if the allegations regarding this Court's alleged jurisdiction and the citizenship of the named parties to this action are accurate.

11.    The allegations in paragraph 4.1 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

12. The allegations in paragraph 4.2 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

13. The allegations in paragraph 4.3 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

14. The allegations in paragraph 4.4 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

15. The allegations in paragraph 4.5 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

16. The allegations in paragraph 4.6 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

17. The allegations in paragraph 4.7 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

18. The allegations in paragraph 4.8 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

19. The allegations in paragraph 4.9 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

20. The allegations in paragraph 4.10 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

21. The allegations in paragraph 4.11 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

22. The allegations in paragraph 4.12 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

23. The allegations in paragraph 4.13 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

24. The allegations in paragraph 4.14 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

25. The allegations in paragraph 4.15 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

26. The allegations in paragraph 4.16 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

27. The allegations in paragraph 4.17 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

28. The allegations in paragraph 4.18 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

29. The allegations in paragraph 4.19 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

30. The allegations in paragraph 4.20 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

31. The allegations in paragraph 4.21 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them.

32. The allegations in paragraph 5.1 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them and further denies that any relief is warranted as against to MHHS.

33.    The allegations in paragraph 5.2 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them and further denies that any relief is warranted as against to MHHS.

34.    The allegations in paragraph 5.3 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them and further denies that any relief is warranted as against to MHHS.

35.    The allegations in paragraph 5.4 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them and further denies that any relief is warranted as against to MHHS.

36.    The allegations in paragraph 5.5 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them and further denies that any relief is warranted as against to MHHS.

37.    The allegations in paragraph 5.6 of the Complaint are not directed at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, it does not possess sufficient information to admit them and therefore denies them and further denies that any relief is warranted as against to MHHS.

38.    The allegations in paragraph 6.1 of the Complaint are not directed at MHHS and therefore do not require a substantive response.

6

39.     The allegations in paragraph 6.2 of the Complaint are not directed specifically at MHHS and therefore do not require a substantive response, but to the extent they are directed at MHHS, MHHS admits only that it is a party to a contract titled "2024-2028 Sponsorship Agreement" (the "Agreement") with Defendant World Triathlon Corporation that has certain unfulfilled past and potential future financial obligations required of MHHS.  Specifically, a payment that was otherwise due under the Agreement on March 1, 2026 in the amount of $70,727.00 was not made and those funds are still in the possession of MHHS.[1]  The Agreement otherwise calls for future payments relating to the 2027 year to be made as follows:

| | | | |
|---|---|---|---|
| | | $72,849 | July 1, 2026 |
| 2027 | $218,546 | $72,849 | January 1, 2027 |
| | | $72,848 | March 1, 2027 |

Further, the Agreement also provides that MHHS might otherwise owe funds to Defendant World Triathlon Corporation for 2028 as follows, presuming MHHS does not opt out of the Agreement for that year (which option can be exercised within thirty days after the 2027 event):

| | | | |
|---|---|---|---|
| | | $75,035 | July 1, 2027 |
| 2028 | $225,103 | $75,035 | January 1, 2028 |
| | | $75,034 | March 1, 2028 |

Otherwise, MHHS denies it has any other property, goods, chattels, credits, effects, money, accounts or other funds of Defendants in its possession, and therefore the remaining allegations in paragraph 6.2 of the Complaint are denied.

40.     MHHS admits that on April 21, 2026 it was served with the Writ of Attachment and Garnishment issued by the Clerk of the Court and requested by Plaintiffs in paragraph 6.3 of

---

[1] If necessary, at the Court's instruction, MHHS can segregate these funds, and any future required payments, into a separate account.

the Complaint.  MHHS further admits that it is holding, pending further order of this Court, any of the aforementioned funds in its possession that might otherwise be required to be transferred to Defendant World Triathlon Corporation pursuant to the Agreement.  Otherwise, the allegations in paragraph 6.3 of the Complaint are denied.

## REQUEST FOR ORAL HEARING

41.    MHHS requests a prompt hearing under Rule E at the Court's earliest convenience.

## CONCLUSION AND PRAYER

Wherefore, Memorial Hermann Health Systems prays it be afforded all relief to which it is entitled (either in law, equity or admiralty) and that it recovers its costs and fees as may be allowed.

Respectfully submitted,

**SPENCER FANE, LLP**

By: */s/ R. Edward Perkins*
    R. Edward Perkins
    State Bar No. 15790410
    eperkins@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
(713) 552-1234
(713) 963-0859 fax

*Attorneys for Memorial Hermann Health Systems*

8

## CERTIFICATE OF SERVICE

The undersigned attorney verifies his Firm served a true and correct copy of this document via Efile Service and/or Email upon the following counsel of record under the Federal Rules of Civil Procedure and an agreement of the parties on the 8th day of May 2026.

SPAGNOLETTI LAW FIRM
Marcus R. Spagnoletti
SBN 24076708/
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713-653-5600 Telephone
713-653-5656 Facsimile
mspagnoletti@spaglaw.com

AND

MOYE LAW FIRM
William R. Moye
SBN 24027553
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
713-333-8206 Telephone
will@moyefirm.com

/s/ R. Edward Perkins
R. Edward Perkins

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **VERONIQUE TREMBLAY, et al.,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-02473** |
| | § | |
| **THE IRONMAN GROUP and WORLD** | § | |
| **TRIATHLON GROUP** | § | |

**VERIFICATION OF JENNIFER CULLY**

   I am the Associate General Counsel for Memorial Hermann Health Systems ("MHHS"). My business address is 929 Gessner, 25th Floor, Houston, Texas 77024. I've held my position with MHHS since 2021.  I am over the age of 21 and competent to provide this Verification.

   I have read the factual allegations and statements made in the Answer of MHHS to the Garnishment Action contained within the Complaint of Veronique Tremblay, et al.  Those factual allegations and statements are true and correct, based on my personal knowledge of MHHS's business practices, the Agreement between MHHS World Triathlon Corporation, and my communications with the various persons within MHHS.

   Under 28 U.S.C. § 1746(1), I certify, under penalty of perjury, the foregoing is true and correct.

Executed this 7th day of May, 2026 in Houston, Harris County, Texas.


_____
**JENNIFER CULLY**

9